In the Matter of the Accounting of MARY BOND, as Successor Committee of the Property of FRED W. BOND, an Incompetent Person.

Supreme Court, Special Term, Steuben County, June 10, 1950.

*Alton J. Wightman* for successor committee, petitioner.

*G. Orcutt Brown,* special guardian for Fred W. Bond.

*Robert D. McClive* and *Lynn D. Wallace* for United States Veterans' Administration.

WHEELER, J. The petitioner, a successor committee of the property of Fred W. Bond, an incompetent person, has instituted this proceeding to obtain a judicial settlement of her account and an order authorizing herself as committee to withdraw, from the funds of the incompetent held by her, a monthly allowance of $200 for the care, support and maintenance of herself, individually, and an invalid brother. The account of the committee has been, with one minor exception, approved and the order entered. The sole question now before the court is

the application of Mary Bond, the committee, for an allowance for support of herself and her brother.

The incompetent has been suffering from his mental disorder for more than thirty years and is apparently incurable. His sister, the petitioner, is an unmarried woman, forty-six years of age, and not in robust health. She resides with, and cares for, an invalid brother of both herself and the incompetent. The condition of Hallett Bond, the invalid, appears hopeless, as he is now fifty years or more old, and has become increasingly helpless from an arthritic malady since he was in his early teens. He is now bedridden, unable to offer the slightest assistance in caring for himself.

The corpus of the present estate of the incompetent, now fifty-five years of age, amounts to nearly $28,000, with an annual income from investments of approximately $700. In addition thereto the incompetent receives an annual income from his Federal War Risk Insurance of $483. Out of this income there are the expenses of the luxury allowance for the incompetent ($100) and the committee's commission, thereby lessening the gross income. Thus, the allowance requested by the committee would obviously be greater than the income from the incompetent's estate.

The doctrine is fundamental that an order granting an allowance for support of a collateral relative for whom the incompetent would not be legally responsible is within the discretion of the court. It is, however, in the exercise of that discretion that the court should examine the principles and guides which have been previously laid down. Careful study of the reported decisions regarding allowances for the support of collateral relatives such as the proposed recipients of support in the instant matter clearly indicates that the primary consideration is whether or not the incompetent, if sane, would offer that assistance. Another consideration is that of the need of the petitioner for assistance. The evidence before the court in this matter is directed primarily toward these two factors. That the incompetent was, while he was sane, deeply interested in his invalid brother and did send home, at least at times, a substantial portion of his pay as a private in the United States Army for the invalid's care and treatment, together with the other history of the family relationships, are all factors to be weighed and considered in determining the predicted reaction and conduct of the incompetent should he be suddenly cured toward the needs of his sister and brother, **Mary Bond and Hallett Bond.**

As regards the need of these members of the incompetent's family, there is little question. It may be that Mary Bond, though not in the best of health, might be able to support herself were she free to seek gainful employment; under the present circumstances, however, she cannot well leave her invalid brother. The need of Hallett Bond for some provision for his care and maintenance is patent. This brother and sister have no income whatsoever, nor may Mary Bond, the committee, leave her brother long enough to earn any appreciable income.

The United States Veterans' Administration points out that the allowance requested will require an invasion of the principal of the incompetent's estate, and that such an order should not be granted. True, most of the applications to the courts in cases of this kind have been requests for an allowance out of income. However, there seems to be no authority for the proposition that an allowance, if granted, must be restricted to income, and that the principal should never be invaded. (*Matter of Fleming,* 173 Misc. 851, and cases therein cited.) Each case stands squarely on its own facts, and the circumstance that the allowance will be taken solely from income is only a convenient fact for the court which considers the application.

Every court, faced with nearly any set of circumstances, should hesitate to allow the principal of an incompetent's estate to be substantially invaded for the purpose of support of those relatives for whom the incompetent is not legally bound. Applications of this kind are not popular with the courts and should be discouraged; more particularly should the court narrow and restrict the petition when the allowance goes beyond the income of the incompetent's estate. Substantial depletion of principal should always be avoided, except perhaps in the most extreme cases. These considerations, however, only guide the court in its decision on such a matter and do not remove the application from the exercise of the court's discretion.

The incompetent whose committee has here made the application for an allowance is being cared for by the United States Veterans' Administration at no expense to his estate except the commissions of the committee and the small luxury fund provided for the incompetent's comfort. Under the present circumstances, and the facts as presented, this court concludes that, were the incompetent sane, he would do what he could to relieve the situation in which the petitioner and her invalid brother now find themselves.

An order may be presented in appropriate terms authorizing the petitioner to withdraw from the funds held by her as committee of the property of Fred W. Bond, the sum of $100 per month for the support and maintenance of herself and her brother, Hallett Bond.